UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| LAWRENCE BLITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AGFEED INDUSTRIES, INC., et al.,<br><br>Defendants. | Civil Action No. 3:11-cv-00992<br><br>CLASS ACTION<br><br>Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |
| KEVIN SOPUCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AGFEED INDUSTRIES, INC., et al.,<br><br>Defendants. | Civil Action No. 3:11-cv-01025<br><br>CLASS ACTION<br><br>Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |

[Additional captions appear on next page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE AND
FOR SCHEDULING ORDER FILED BY DEFENDANTS AGFEED INDUSTRIES, INC.,
JOHN A. STADLER, GERARD DAIGNAULT, RAYMOND M. CESCA,
CLAY MARSHALL, AND EDWARD PAZDRO

| | |
|---|---|
| LAWRENCE R. ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AGFEED INDUSTRIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:11-cv-01043<br><br>CLASS ACTION<br><br>Judge John T. Nixon<br>Magistrate Judge John S. Bryant |
| JUNE W. DOUGHERTY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AGFEED INDUSTRIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:11-cv-01046<br><br>CLASS ACTION<br><br>Judge Kevin H. Sharp<br>Magistrate Judge John S. Bryant |
| MICHAEL FAJEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AGFEED INDUSTRIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:11-cv-01050<br><br>CLASS ACTION<br><br>Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |

Defendants AgFeed Industries, Inc., John A. Stadler, Gerard Daignault, Raymond M. Cesca, Clay Marshall, and Edward Pazdro (collectively "Movants"), file this memorandum in support of their Motion to Consolidate and for Scheduling Order. Plaintiffs in the above-captioned actions have informed counsel for Movants that they do not oppose this Motion and have agreed to the [Proposed] Order Consolidating Related Actions (the "Proposed Order") filed herewith.

To date, the following related five cases have been filed in this District: *Blitz v. AgFeed Industries, Inc., et al.*, Case No. 3:11-cv-0992; *Sopuch v. AgFeed Industries, Inc., et al.*, Case No. 3:11-cv-01025; *Rosen v. AgFeed Industries, Inc., et al.*, Case No. 3:11-cv-01043; *Dougherty v. AgFeed Industries, Inc., et al.*, Case No. 3:11-cv-01046; and *Fajen v. AgFeed Industries, Inc., et al.*, Case No. 3:11-cv-01050.

These actions concern identical or overlapping class periods and allegations, assert the very same claims under the Securities Exchange Act of 1934 (the "1934 Act") against overlapping defendants, and otherwise are subject to consolidation under applicable securities laws and Federal Rule of Civil Procedure 42(a). As there is no discernable difference between the factual allegations and legal claims asserted in the above-captioned actions, these actions should be consolidated for pretrial and trial purposes.

Furthermore, given the fact that the actions should be consolidated, Movants should not be required to file an answer or other responsive pleading to the several complaints on a schedule which is different from each action. In the *Blitz* action, the Court has already entered an order which requires Defendants to file an answer or other responsive pleading sixty days after Plaintiff files an amended or consolidated complaint or designates the original complaint as the operative complaint in the *Blitz* matter following lead plaintiff appointment.

As such, Movants file the instant motion seeking consolidation and the entry of an order which relieves Defendants from the obligation of responding to the complaints filed in the above actions until sixty days after the appointed lead plaintiff files a consolidated amended complaint or designates a previously filed complaint as the operative complaint.

## DISCUSSION

The above-captioned five actions arise out of the same facts and involve virtually all of the same parties and the same claims. The complaints each allege that Defendants violated Sections 10(b) and 20(a) of the 1934 Act as well as Rule 10b-5 promulgated thereunder, by among other things, making false statements in or omitting material information in AgFeed's public filings and statements.

The Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") contemplates a two-step process whereby consolidation of actions must be considered prior to the appointment of Lead Plaintiff:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter . . . has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also In re American Serv. Group, Inc.*, 2006 U.S. Dist. LEXIS 61779, *6 (M.D. Tenn. Aug. 28, 2006) ("Once adequate notice is given, PSLRA describes a two-step process: consolidation of the various actions and appointment of the lead plaintiff."). Moreover, pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate cases "involv[ing] common question[s] of law or fact." Fed. R. Civ. P. 42(a).

A trial court making a decision to consolidate must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (alteration in original) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

In the present case, common questions of fact and law exist for consolidation purposes because all of the complaints arise out of the same subject matter and essentially assert the same causes of action. Thus, there is a risk of inconsistent adjudications if the cases proceed separately. The burden on the parties is lessened if the cases are consolidated because potential witnesses and relevant documents will be the same in all of the cases. Moreover, the expense to the parties, particularly Defendants, would be reduced in a single-trial proceeding as opposed to multiple trials.

## **CONCLUSION**

Pursuant to Federal Rule of Civil Procedure 42(a), the PSLRA and the reasons set forth above, Movants respectfully request that the Court consolidate these cases and establish a schedule for the filing of a consolidated complaint after the appointment of Lead Plaintiff and Lead Plaintiff's counsel. Movants further request relief from the obligation of responding to the complaints filed in the actions until sixty days after the filing or designation of one or more consolidated or amended consolidated complaint(s) incorporating the allegations and claims set forth in the consolidated actions.

Respectfully submitted,

By: /s/ Overton Thompson
    Overton Thompson III (TN #11163)
    E. Steele Clayton, IV (TN #17298)
    BASS, BERRY & SIMS PLC
    150 Third Avenue South, Suite 2800
    Nashville, Tennessee 37201
    Telephone: (615) 742-6200
    othompson@bassberry.com
    sclayton@bassberry.com

*Attorneys for Defendants AgFeed Industries, Inc., John A. Stadler, Gerard Daignault, Raymond M. Cesca, Clay Marshall, and Edward Pazdro*

Of Counsel:
William R. Baker, III
J. Christian Word
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington DC 20004-1304

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

James A. Crumlin, Jr.
Keith C. Dennen
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
jcrumlin@bonelaw.com
kdennen@bonelaw.com

Brian J. Robbins
Gregory E. Del Gaizo
Conrad B. Stephens
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92101
brobbins@robbinsumeda.com
gdelgaizo@robbinsumeda.com
cstephens@robbinsumeda.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
2400 Crestmoor Road
PO Box 150734
Nashville, TN 37215-0734
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

Seth D. Rigrodsky
Brian D. Long
RIGRODSKY & LONG, P.A.
919 N. Market Street, Suite 980
Wilmington, DE 19801
sdr@rigrodskylong.com
bdl@rigrodskylong.com

Timothy J. MacFall
Scott J. Farrell
RIGRODSKY & LONG, P.A.
585 Stewart Avenue, Suite 304
Garden City, NY 11530
tjm@rigrodskylong.com
sjf@rigrodskylong.com

D. Seamus Kaskela
David M. Promisloff
Adrienne O. Bell
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
skaskela@ktmc.com
dpromisloff@ktmc.com
abell@ktmc.com

Marc I. Gross
Jeremy A. Liebrman
POMERANTZ HAUDEK
GROSSMAN & GROSS, LLP
100 Park Avenue, 26th Floor
New York, New York 10017-5516
migross@pomlaw.com
jalieberman@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ HAUDEK
GROSSMAN & GROSS, LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

| | |
|---|---|
| George E. Barrett<br>Douglas S. Johnston, Jr.<br>Timothy L. Miles<br>BARRETT JOHNSTON, LLC<br>217 Second Avenue, North<br>Nashville, TN 37201-1601<br>gbarrett@barrettjohnston.com<br>djohnston@barrettjohnston.com<br>tmiles@barrettjohnston.com | Darren J. Robbins<br>David C. Walton<br>Catherine J. Kowalewski<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>darrenr@rgrdlaw.com<br>davew@rgrdlaw.com<br>katek@rgrdlaw.com |

                                        /s/ Overton Thompson